CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 28 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEXTER PERRY, | ) Civil Action No. 7:09-cv-00315 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MR L.T. EDMONDS, et al., | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Dexter Perry, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants four correctional officials of the Buckingham Correctional Center. Plaintiff alleges that the defendants violated due process when they convicted him of an institutional infraction. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges the following facts. Plaintiff approached a correctional officer who was inside a secure control booth and can communicate through a small slot. (Compl. 4.) The correctional officer charged plaintiff with "approaching in a threatening manner." At plaintiff's disciplinary hearing, the institutional hearing officer ("IHO") denied plaintiff's requests for witnesses and evidence. (Id.) The IHO also denied plaintiff the ability to enter into a penalty offer. (Id. 7.) The correctional officer did not testify at the hearing that plaintiff approached her in a threatening manner, but the IHO found plaintiff guilty regardless and imposed a penalty of thirty days isolation. The defendants did not subsequently provide plaintiff with a written finding of facts or documents to file an appeal. The institutional conviction adversely impacted his security classification and prompted a transfer to a higher security prison. (Id. 8.) Plaintiff

alleges that the defendants violated due process in contravention of VDOC operating procedures, the Virginia Constitution, and the United States Constitution. (Id. 7, 9.) Plaintiff requests that the defendants expunge his conviction, reclassify him, and pay him $5,000. (Id. 5.)

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro

se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To establish a due process claim, an inmate must demonstrate that he was deprived of "life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of property or a protected liberty interest, such as earned good conduct time. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64.

However, an inmate is only entitled to these procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty or property interest is at issue. Id. Plaintiff does not allege that his disciplinary conviction for approaching in a threatening manner resulted in the loss of statutory good time credits or property, and thus, plaintiff was not entitled to Wolff's procedural protections at his disciplinary hearing. Although inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that

3

law is not a federal due process issue).

Moreover, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Plaintiff's classification or isolation penalty clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati, 120 F.3d at 503 (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected

his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Therefore, plaintiff's sentence of thirty days in isolation did not trigger due process protections, and, thus, plaintiff fails to state a constitutional claim. Accordingly, I dismiss plaintiff's complaint.

### III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claim related to the allegations in the complaint, pursuant to 28 U.S.C. § 1367(c).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 28th day of July, 2009.

*Jackson L. Kiser*
Senior United States District Judge